UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donald J. Ulrich Associates, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-00657 |
| Tec Air, Inc., | ) Judge Sharon Johnson Coleman |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's and Defendant's cross motions for summary judgment [74, 77]. Donald J. Ulrich Associates, Inc. ("Ulrich") filed its three count first amended complaint [23] against Tec Air, Inc. ("Tec Air") alleging breach of contract and a violation of the Illinois Sales Representative Act ("ISRA") and asserting a claim for declaratory relief. Ulrich moves for summary judgment as to the liability aspects of Counts I, II, and III, and Tec Air moves for summary judgment on Count II and on Ulrich's purported request for damages based on anticipated future sales. For the following reasons, Ulrich's motion for summary judgment [77] as to Counts I and III is granted and Tec Air's motion for summary judgment [74] is granted; Ulrich's motion is denied as to all other requests.

**Background**

The following facts are undisputed. Ulrich is an independent manufacturer's representative that represents principals to the automotive industry. (Dkt. 75 ¶ 1; Dkt. 77-2 ¶ 1). Tec Air produces parts, components, and assemblies used in the manufacture of automobiles by original equipment manufacturers. (Dkt. 75 ¶ 2; Dkt. 77-2 ¶ 2). In September, 2008, the parties entered into a written sales agreement (the "Agreement"). (Dkt. 75 ¶ 4; Dkt. 75-1; Dkt. 77-2 ¶ 4; Dkt. 77-5). Under the

Agreement, Ulrich was to be the exclusive sales representative for Tec Air to certain customers listed in the Agreement, including Behr and Valeo. (Dkt. 75-1 § 1.1, exhibit A; Dkt. 77-5 § 1.1, exhibit A; Dkt. 77-2 ¶ 6). Section 6.2 of the Agreement provided that Tec Air was to pay commissions on any sales solicited by Ulrich for the life of the product, (Dkt. 75 ¶ 5; Dkt. 77-2 ¶ 7), and in the event of a termination of the Agreement, commissions were to be paid pursuant to section 9.1. (Dkt. 75 ¶ 7; Dkt. 77-2 ¶ 8). The Agreement was set to last three years and was to automatically renew for successive one-year terms unless terminated by written notice. (Dkt. 75 ¶ 6; Dkt. 75-1 § 8.1; Dkt. 77-2 ¶ 9; Dkt. 77-5 § 8.1). In the event of a breach, the non-breaching party was permitted to terminate the Agreement by written notice only after it afforded the breaching party an opportunity to cure. (Dkt. 75 ¶ 6; Dkt. 75-1 § 8.2; Dkt. 77-5 § 8.2).

Robert McMurtry ("Mr. McMurtry"), Tec Air's president, testified that he believed the parties' relationship was terminated in 2013, (Dkt. 77-6 at 60:9-11), and, at the very latest, he believed the Agreement was terminated when this lawsuit was filed. (Dkt. 77-6 at 69:9-11). Donald Ulrich, Ulrich's president and owner, declared by affidavit that he believed the Agreement between the parties was terminated when this lawsuit was filed. (Dkt. 77-4 ¶ 10). Neither party, however, has produced evidence of a written notice of termination.

Ulrich successfully solicited sales for Tec Air products from Behr and Valeo. (Dkt. 77-2 ¶ 12). Mr. McMurtry, has admitted Ulrich is owed commissions for sales made to Behr and Valeo. (Dkt. 77-2 ¶ 14). Mr. McMurtry testified that Tec Air still owed Ulrich more than $50,000 in sales commissions. (Dkt. 77-6 at 68:14-22).

**Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate where the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 322-23.

**Discussion**

Ulrich first moves for summary judgment as to Tec Air's liability for breach of contract (Count I). A party is liable for breach of contract if there is a valid and enforceable contract, substantial performance by the plaintiff, a breach by the defendant, and resultant damages. *W.W. Vincent and Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967, 351 Ill. App. 3d 752 (1st Dist. 2004). The parties do not dispute that the Agreement is a valid and enforceable contract, nor do they dispute that Ulrich performed its duties under the Agreement by procuring business for Tec Air from Behr and Valeo. Tec Air admits that it has not paid Ulich commissions for Behr and Valeo sales. The Court grants summary judgment in favor of Ulrich as to Tec Air's liability for Count I because it is clear that Tec Air breached the Agreement. The only remaining issue on Count I is the issue of damages.

Tec Air moves for summary judgment on Ulrich's ISRA claim (Count II). ISRA provides that "[a]ll commissions due *at the time of termination of a contract* . . . shall be paid within 13 days of termination, and commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due." 820 ILCS 120/2 (emphasis added); 820 ILCS 120/3 (civil remedies for ISRA violations). ISRA is intended to protect sales representatives from being denied commissions that are due or may become due after a contract is terminated. *Fararo v. Sink*

*LLC*, Nos. 01 C 6956, 01 C 6957, 2002 WL 31687671, at *7 (N.D. Ill. Nov. 27, 2002) (Coar, J.); *Klessman & Assoc., Inc. v. American Sensors, Inc.*, No. 97 C 0556, 1998 WL 246481, at *1 (N.D. Ill. Apr. 28, 1998) (Grady, J.). ISRA, therefore, will not apply to a sales relationship where a contract is still in effect.

Tec Air argues that because neither party satisfied the termination requirements of the Agreement, the Agreement is still in effect and therefore, Ulrich's ISRA claim is precluded. Sections 8.1 and 8.2 – the only provisions in the Agreement that discuss termination – require that the parties give each other written notice of termination. If the parties fail to properly terminate the Agreement, the Agreement automatically renews for successive one-year terms. (Dkt. 75-1 § 8.1; Dkt. 77-5 § 8.1). The parties failed to provide each other with written notice of termination, therefore the Agreement has renewed itself on an annual basis and is still in effect.

Ulrich contends that strict compliance with sections 8.1 and 8.2 is not required because Tec Air's breach should not permit it to take advantage of the terms of the Agreement. In support of this contention, Ulrich cites *Assaf v. Trinity Med. Ctr.*, 696 F.3d 681 (7th Cir. 2012), and *James v. Lifeline Mobile Medics*, 792 N.E.2d 461, 341 Ill. App. 3d 451 (4th Dist. 2003).

The defendant in *Assaf* agreed to employ the plaintiff in 2010 and 2011 in exchange for a release of claims. 696 F.3d at 683-84. Pursuant to the *Assaf* agreement, the employment was to renew on an annual basis unless either party chose to terminate the relationship. *Id.* at 684. Before the end of 2011, the defendant informed the plaintiff that it was terminating the relationship, thereby foreclosing the opportunity for employment in 2012. *Id.* at 685. The plaintiff argued that because the defendant breached the *Assaf* agreement by not employing him in 2010 and 2011, it should not be permitted to exercise the non-renewal option. *Id.* The Seventh Circuit concluded that, despite its breach, the defendant properly exercised the non-renewal option, and the non-renewal option did not unfairly impair plaintiff's rights under the *Assaf* agreement. *Id.* at 686.

4

The parties in *James* also entered into a settlement agreement. 792 N.E.2d at 462. There, the defendant agreed to pay the plaintiff two lump sum payments, the total of which would have been less than the jury award in plaintiff's favor, in exchange for a release. *Id.* The plaintiff sought to enforce the original and more costly judgment after the defendant breached the *James* agreement by failing to make timely payments. *Id.* at 463. The *James* court observed that a defendant who breaches a contract should not be able to take advantage of the terms of a contract that benefit him – in this case, the lower cost and freedom from further proceedings. *Id.* at 464. As a result, the *James* court declined to enforce the settlement agreement. *Id.* at 464-65.

Here, the Court finds that sections 8.1 and 8.2 of the Agreement are more comparable to the non-renewal option in *Assaf* than the provisions in *James*. By the terms of the Agreement, compliance with sections 8.1 and 8.2 does not require Ulrich to forfeit anything, nor does it excuse Tec Air's obligations to pay commissions. Strict compliance with sections 8.1 and 8.2, therefore, would not benefit Tec Air in the same way the breaching defendant would have benefited from enforcement of the settlement agreement in *James*.

Ulrich further argues that compliance with sections 8.1 and 8.2 is not necessary because both parties believed that the Agreement was terminated when Ulrich filed suit. (Dkt. 77-2 ¶ 27; Dkt. 77-4 ¶ 10). Ulrich offers no authority to support the proposition that the parties' beliefs can terminate the Agreement. Ulrich also fails to provide any authority that the parties' beliefs satisfy or override sections 8.1 or 8.2 of the Agreement.

Ulrich has not shown that either party has provided written notice of termination; consequently, pursuant to section 8.1, the Agreement has renewed every year since 2011 and is still in effect. Summary judgment in favor of Tec Air on Count II is therefore granted because ISRA is inapplicable. Ulrich's motion for summary judgment on the issue of liability as to Count II must be denied because, as a matter of law, it cannot maintain an ISRA claim.

Ulrich moves for summary judgment on Count III. Count III seeks a declaratory judgment that Tec Air is liable to pay sales commissions for all business Ulrich secured on behalf of Tec Air pursuant to the Agreement. Tec Air agrees that Ulrich is entitled to commissions on products sold to customers for the life of the product, even if the Agreement is terminated. Summary judgment as to Count III is therefore granted in favor of Ulrich and against Tec Air. The Court finds that Tec Air must pay Ulrich commissions, pursuant to the terms of the Agreement, for all sales covered by the Agreement, even if the sales occur after the Agreement is terminated.

Finally, Tec Air moves for summary judgment on Ulrich's purported request for damages for "anticipated future sales." Ulrich argues that it is entitled to damages for its "expectation interest" on future sales. *Merry Gentleman, LLC v. George and Leona Prods., Inc.,* 799 F.3d 827, 828-29 (7th Cir. 2015). Expectation damages, however, "measure the loss to the injured party caused by the breach; they restore the injured party to the place it would have been in had the contract been performed." *W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 679 (7th Cir. 2015). Here, Ulrich can only expect to receive commissions after Tec Air has received payment from customers. (Dkt. 75-1 § 6.3; Dkt. 77-5 § 6.3). Tec Air, therefore, cannot breach the Agreement by withholding commissions on future sales which have yet to occur. Put differently, Ulrich has yet to suffer any injury related to future sales. The Court grants summary judgment in favor of Tec Air as to any purported request by Ulrich for damages for future sales.

**Conclusion**

For the foregoing reasons, Tec Air's motion for summary judgment is granted and Ulrich's motion for summary judgment is granted in part and denied in part.

IT IS SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: December 20, 2016